**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

Case No. 21-CR-60006-ALTMAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| JOSEPH A. SANFILIPPO, | ) |
| Defendant. | ) |

**MOTION TO DISMISS INDICTMENT FOR VIOLATION OF**
**STATUTE OF LIMITATIONS**

Defendant JOSEPH A. SANFILIPPO, by and through his undersigned counsel, hereby moves to dismiss all counts in the indictment in the instant case  *See* Indictment ¶ 23.

The grounds for this motion are set forth below.

**INTRODUCTION AND SUMMARY**

The instant case was filed on January 18th, 2021.  Counts One through Four allege a violation of 18 U.S.C. § 1343 and Counts Five through Eight allege a violation of 31 U. S. C. § 5324.

Specifically, Counts one through Four allege that Mr. Sanfilippo:

> …for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property, did knowingly transmit and cause to be transmitted in interstate commerce, certain writings, signs, signals, pictures and sounds by means of wire communication.. with the electronic transmissions of routing information between the dates of 10/28/2015 (Count One) to and including 11/02/2015 alleged in Count Four.

Four Counts Five through Eight, the Indictment alleges

Did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated there under, cause and attempt to cause, JPMorgan Chase, a domestic financial institution, to fail to file a report required under Title 21, United States Code, Section 5131(a) and any regulation prescribed under any such section, that is, a CTR, by making cash withdrawals from account number ending in 3807 at JPMorgan Chase Bank, as set forth below:

Counts 5 through 8 then allege dates from 11/29/2015 through 11/04/2015.

The Indictment must be dismissed because the Indictment was filed after the Statute of Limitations had expired.

## STATEMENT OF FACTS

The charges in this case arise out of a relationship that Mr. Sanfilippo had with one Ms. M.S. mention in the Indictment. The indictment at issue charges wire fraud in Counts one through four and structuring in counts five through eight. The wire fraud counts arise from wires that Mr. Sanfilippo is alleged to have caused on 10/28/2015, 10/29/2015, 10/30/2015, and 11/02/2015. The structuring counts arise from withdrawals that Mr. Sanfilippo is alleged to have made on 10/29/2015, 10/30/2015, 11/02/2015, and 11/04/2015.

## DISCUSSION

Title 18, section 3282 of the United States Code is the statute of limitations for non-capital, federal crimes, including both felony and misdemeanor offenses. This section, titled "Offenses not capital," states":

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

**As to Counts One through Four: Wire Fraud**

Pursuant to 18 U.S.C. § 3282, the statute of limitations for wire fraud, 18 U.S.C. § 1343, is five years. As 18 U.S.C. § 1343 criminalizes **each** specific use of the wire, and "[e]ach offense is complete when the fraudulent matter is . . . transmitted by wire." As such, the crime is deemed legally completed when the benefit is received. *See United States v. McClain*, No. 2:14-cr-00298-LRH-CWH, 2016 U.S. Dist. LEXIS 122286 (D. Nev. Aug. 3, 2016), *United States v. White*, No. 19-10783, 2021 U.S. App. LEXIS 6049 (11th Cir. Mar. 2, 2021)

In the case at bar, the last wire was sent on 11/02/2015. Five years after that date is 10/31/2020. As the Indictment was filed on January 18th, 2021, Counts one through Four were filed outside of the applicable Statute of Limitations and must be dismissed by this Court.

**As to Counts One Five through Eight: Structuring**

In the case at bar, the counts at issue, Counts five through eight, charge the Defendant with five (5) counts of violation of 18 USC Section 5324(a)(1) and 5324(d). The allegations involve transactions alleged to have taken place on 12/29/2015, 10/30/2015, 11/02/2015, and 11/05/2015. Five years from the last relevant act would be 11/03/2020. As such, this Indictment was filed outside of the period allowed for in the statute. There is no prior validly filed Indictment against Mr. Sanfilipo, the dismissal of which could arguably have served to toll the limitation period.

Additionally, although in March 2020 the Department of Justice requested a tolling of the State of Limitations, the United States Congress declined the request.

## CONCLUSION

For the foregoing reasons, the Indictment pending before this Court in the instant case should be dismissed as having been instituted after the expiration of the applicable limitations period.

## COMPLIANCE WITH LOCAL RULE 88.9

Pursuant to Local Rule 88.9, the undersigned counsel contacted counsel for the government, LAURENCE M. BARDFELD, who informed the undersigned that the government opposes the relief sought in this Motion.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903
150 West Flagler Street
Penthouse Two – 2900
Miami, Florida 33130
Telephone: (305) 373-6400
Facsimile: (305) 373-0396
E-Mail: Bert@hdominguezlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on March 26, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

                                                                               By: /s/ Humberto R. Dominguez
                                                                                   Humberto R. Dominguez
                                                                                   Florida Bar No.: 837903