**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-60006-CR-ALTMAN/HUNT**

**UNITED STATES OF AMERICA**

**v.**

**JOSEPH A. SANFILIPPO,**

**Defendant.**
________________________________/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The United States of America, by and through undersigned counsel, files this memorandum in response to Defendant, Joseph A. Sanfilippo's Motion to Dismiss Indictment for Violation of Statute of Limitations.

On October 23, 2020, within the Statute of Limitations, the United States filed an Information charging defendant Joseph A. Sanfilippo, with four counts of wire fraud in violation of 18 U.S.C. § 1343, and four counts of structuring in violation of 31 U.S.C. §5324. (*See United States v. JOSEPH A. SANFILIPPO*, Case No. 20-60112-CR-WPD/SNOW; *see* DE# 1, Case No. 20-60112-CR). The four dates alleged in the wire fraud counts are: 10/28/15 (Count 1); 10/29/15 (Count 2); 10/30/15 (Count 3); and 11/2/15 (Count 4). The four dates alleged in the structuring counts are: 10/29/15 (Count 5); 10/30/15 (Count 6); 11/02/15 (Count 7); and 11/04/15 (Count 8). All of those dates are within the five-year statute of limitations for the Information that was filed on October 23, 2020.

The prosecution was timely because the Information validly instituted the proceedings before the expiration of the statute of limitations. An Indictment was subsequently returned by a

grand jury on January 14, 2021. Because the Indictment relates back to the validly instituted Information, the prosecution remains timely. Additionally, equitable tolling principles further prevent dismissal of this prosecution. For these reasons, the United States respectfully submits that the defendant's Motion to Dismiss should be denied.

## I. BACKGROUND

Defendant Joseph A. Sanfilippo is charged with wire fraud and structuring. Defendant Sanfilippo allegedly befriended a wealthy widow and asked her to invest in Cayman Shipping and Distribution, LLC (CSD), which was purportedly a business in the Cayman Islands that purchased leftover inventory from companies like Walgreens and CVS, and then shipped the excess inventory to South America for resale. The victim provided $300,000 to Sanfilippo to invest in CSD. Instead of sending that money to CSD or its president Jacob Rosenthal, Sanfilippo deposited a series of checks (usually in amounts of $25,000)[1] into his personal bank accounts. That money was then immediately withdrawn from the accounts in cash in increments of less than $10,000.[2]

On October 23, 2020, within the statute of limitations, the United States filed an Information charging Sanfilippo with wire fraud and structuring. At that time, it was unknown if Sanfilippo had counsel. Shortly after the Information was filed, undersigned counsel provided the special agent from the FBI a copy of the Information and a letter advising defendant to obtain counsel. A copy of the letter and Information are attached as Exhibit 1. Sanfilippo did not retain counsel at that time. On or about January 14, 2021, once grand juries returned in the Southern District of Florida, an Indictment was returned. After the Indictment was returned, the previously

[1] One check was for $20,000, one was for $30,000. The remaining checks were for $25,000.
[2] There is no evidence that CSD or Jacob Rosenthal, the president of that company exist.

filed Information was dismissed. (DE# 5, Case No. 20-60112-CR). The Indictment is identical to the Information in all substantive respects.

**ARGUMENT**

**A. The filing of the Information before the expiration of the statute of limitations, despite the absence of a waiver of indictment, was sufficient to make this prosecution timely.**

As long as the Government files an Information, with or without a waiver of indictment, within the relevant statute of limitations period, the prosecution is timely. The Information filed on October 23, 2020 was filed within the statute of limitations. The relevant statute of limitations in this case is provided by 18 U.S.C. § 3282(a), which states "no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." The statute of limitations period expired for the earliest charged offense date on October 27, 2020, within five years from October 28, 2015 (Count 1). The statute of limitations expired for the latest charged offense date on November 3, 2020, within five years from November 4, 2015 (Count 8). The Government filed the Information on October 23, 2020, within the limitations period for all counts charged.

Defense counsel contends that the Indictment was defective because it was not filed within the statute of limitations. If no Information were filed, defense counsel's argument would be correct. However, because the United States filed an Information, even without defendant's consent or waiver, within the appropriate statute of limitations, the Motion to Dismiss should be denied. The plain language of § 3282, requires only that the Government file the information within five years, not also that the defendant waive Indictment by a grand jury within five years.

The plain language of § 3282 requires only that the "information" be "instituted" - that is, "inaugurate[d]," "commence[d]," "start[ed]," or "introduce[d]." Black's Law Dictionary 800 (6th Ed. 1990). Albeit in a different statutory context, the Supreme Court has construed "instituted" in exactly that fashion. *See Gollust v. Mendell*, 501 U.S. 115, 124 (1991). Institution requires only "commencement." *Id.*

There is no suggestion in § 3282 that any further requirement be met. The object of the word "instituted" is "the information"; thus, what must be commenced is not the entire criminal prosecution, but merely the information. In a criminal case, an information is established simply by filing it with the court, which is exactly what the Government did here.

While a waiver of indictment may be obtained under Fed. R. Crim. P. 7(b), allowing the prosecution to proceed on the information, such a waiver is not required for an information to come into being. Rule 7(b) does not "prohibit the filing of an information in the absence of a waiver by the defendant. Instead, the rule proscribes prosecution without waiver. Therefore, [an] information [can be] filed within the period of limitations, thus providing a valid basis for prosecution." *United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992). As Wright and Miller have recognized, "[i]t is inconsequential whether the information is filed before or after the defendant has waived indictment. The fact that the information was filed first and the waiver was made later does not invalidate the pleading." § 122 Waiver of Indictment, 1 Fed. Prac. & Proc. Crim. § 122 (4th ed. 2019).

This reading is consistent with what the filing of a waiver-less information achieves. A waiver-less information provides the district court with subject matter jurisdiction and, under Fed. R. Crim. P. 9, instills the district court with the authority - and a mandate - to issue a warrant or summons for each defendant named in the information if the Government establishes probable

cause. *See* Fed. R. Crim. P. 9(a). While a felony information requires a waiver of indictment to permit prosecution under Federal Rule of Criminal Procedure 7, there is no reason why an information's effectiveness for any other particular purpose should determine whether it is effectively "instituted." Each is a separate inquiry determined by the text of a different statute or court rule.

Because the statute's plain language controls, there is no basis for this Court to go further in its analysis; the Government instituted the information before the statute of limitations period expired, and by doing so complied fully with the statute. As the Supreme Court "has explained many times over many years . . . when the meaning of the statute's terms is plain, our job is at an end. The people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration." *Bostock v. Clayton County*, 140 S. Ct. 1731, 1749 (2020); *see also Richards v. United States*, 369 U.S. 1, 9 (1962) ("[W]e must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used.").

The central policy underlying any statute of limitations - notice to the defendant of the allegations against him - is satisfied by this reading of the statute's plain text. Regardless of whether a defendant has waived prosecution by indictment, a filed information gives the defendant notice of the allegations contained therein. In this case, SANFILIPPO was provided with a copy of the Information.[3]

[3] Sanfilippo was not represented by counsel at the time the Information was filed. Once the Information was filed, the case agent delivered a copy of the Information and a letter suggesting he obtain counsel to Sanfilippo to advise him that he was being charged. A copy of the letter and information provided to defendant are attached as Exhibit 1.

While proceeding via indictment may be preferable in many situations, in this case the Government had no choice but to proceed via information due to the pandemic. As this Court is aware, in a series of Administrative Orders, the Chief Judge suspended grand juries in the Southern District of Florida for more than seven months. Accordingly, the Government could not seek an indictment in the Southern District of Florida from March 26, 2020 until November 16, 2020, when grand juries resumed in limited fashion. (See Admin. Order-2020-22, and all subsequent orders issued by the Chief Judge regarding the Coronavirus Public Emergency). The Court's District-wide order made it impossible for the Government to seek an indictment as it would normally. This Order had an especially challenging impact on cases approaching the statute of limitations end date where the Government had rightfully and in good faith assumed, prior to the pandemic, that it would be able to seek an indictment anytime between March and November 2020. For cases in which the statute of limitations became an issue, the suspension of the grand jury would have been catastrophic, were it not for the government's ability to "institute" timely charges by way of information, pursuant to § 3282, which is what occurred in this case.

The vast majority of courts to address this issue, including multiple district courts considering the timeliness of an information filed in response to COVID-19-related grand jury suspensions, have held that an information is "instituted" under § 3282 even if the defendant does not waive indictment. Most notably, the Seventh Circuit - without contradiction from any other Circuit - concluded that filing a waiver-less information "instituted" that information under §3282(a) and, thus, satisfied the statute of limitations. *See United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998). The court reasoned that, although the "absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or trial," it does not "mak[e] the filing of an information a nullity," adding that the plain language of § 3282 is clear that the filing

of a waiver-less information is "sufficient to institute it within the meaning of" the statute. *Id.* at 743.

There is no contrary authority from the Eleventh Circuit or any other Court of Appeals. Indeed, to the extent other Courts of Appeals have considered the topic, they have endorsed the Seventh Circuit's analysis. *See United States v. Thompson*, 287 F.3d 1244, 1249-50, 1253 n.4 (10th Cir. 2002) (analyzing *Burdix-Dana* at length; adopting its logic with respect to indictments under Fed. R. Crim. P. 6(f)); *United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992) ("Rule 7(b) does not prohibit the *filing* of an information in the absence of a waiver of indictment .... Therefore, the information could have been filed within the period of limitations, thus providing a valid basis for prosecution.")

Multiple district courts have agreed, holding that an information is "instituted" when it is "filed with the clerk of the court" and does not require the defendant to have waived prosecution by indictment. *See United States v. Marifat*, No. 17-CR-189, 2018 WL 1806690, at *2-*3 (E.D. Cal. Apr. 17, 2018); *United States v. Stewart*, 425 F. Supp. 2d 727, 729 (E.D. Va. 2006); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000); *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. W. Va. 1996).

In addition, five district courts to address the filing of waiver-less informations during the COVID-19 pandemic have held that a waiver-less information is "instituted," and thus satisfies 18 U.S.C. § 3282, when it is filed. For example, in *United States v. Kruse*, the court held that the filing of a waiver-less information instituted the information for statute of limitations purposes. Case No. 1:20-CR-249-RP (W.D. Tex. Dec. 21, 2020). Likewise, in *United States v. Holmes*, a Northern District of California court held that "the filing of an information without an accompanying waiver is sufficient to toll the statute of limitations – even though it may not be effective for other

purposes" based upon the a plain reading of the text of 18 U.S.C. § 3282 and the central policy underlying the statute of limitations, which it found to be providing notice to the defendant of the allegations against him. Case No. 18-cr-00258-EJD, 2020 WL 6047232, at *8 (N.D. Cal. Oct. 13, 2020). In *United States v. Dixon*, a Western District of Virginia court stated that it saw "no basis in the statutory text of § 3282(a), the applicable Federal Rules of Criminal Procedure, or in the case law addressing this issue" to distinguish the case at hand from prior cases holding that filing a waiver-less information satisfied the statute of limitations. Case No. 6:20-cr-0006-NKM (W.D. Va. Oct. 26, 2020). And in *United States v. Briscoe*, a District of Maryland court held that "[t]he terms 'prosecuted' and 'instituted' are not equivalent. An information is 'instituted' when it is properly filed, regardless of the Defendant's waiver. Further prosecutorial actions—such as a trial or a plea agreement—would require waiver, as Rule 7(b) sets forth." Criminal No. RDB-20-0139, 2020 WL 5076053, at *2 (D. Md. Aug. 26, 2020); *see also United States v. Collins*, 3:18-cr-00432-JLS (S.D. Cal. Sept. 22, 2020) (minute order denying defendant's motion to dismiss certain charges as barred by the statute of limitations).

The fifth case was in this district, where Judge Ruiz addressed the filing of a waiver-less information during the COVID-19 pandemic. Judge Ruiz found that a waiver-less information is "instituted," and thus satisfies 18 U.S.C. § 3282, when it is filed. Judge Ruiz denied defendant's Motion to Dismiss. *See United States v. Lauren Rosencan*, Case No. 20-80052-CR-Ruiz(s), DE #49) ("This Court fully adopts the logic of the Seventh Circuit in *Burdix-Dana* because it is grounded in the plain language of section 3282. The main issue in this case is one of statutory interpretation, which mandates that the Court begin with the text at issue." *Rosencan,* DE 49 at 6.

Judge Ruiz also found that given that the information was timely filed under section 3282, the superseding indictment was also timely filed. *Rosecan*, DE 49 at 8.[4]

The Government filed its Information against defendant Sanfilippo within five years of the dates of the alleged offenses. That filing was sufficient to defeat any statute of limitations argument now argued.

**B. Because the Information was timely, the Indictment is also timely.**

Because the Information was timely under § 3282, the subsequent Indictment in this case is timely as well. First, as the Eleventh Circuit has explained, "[a] superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990). That logic applies to a timely original information just as it would to an original indictment. Because the charges in the Indictment are identical to the information, it likewise relates back.

Second, under 18 U.S.C. § 3288, there is a grace period for re-filing an information or indictment "after the . . . statute of limitations has expired." Specifically,

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, . . . or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within

[4] Judge Ruiz disagreed with an Order of Dismissal issued by Judge Middlebrooks in *United States v. B.G.G.*, Case No. 20-80063-CR-Middlebrooks. Judge Ruiz found that the analysis ser forth in Judge Middlebrooks' ruling "appears to depart from a plain reading of section 3282 and instead divines the meaning of the statute through a survey of legislative history." Judge Ruiz concluded that the given the plain and unambiguous text of section 3282, such a legislative exposition was unnecessary. *United States v. Noel*, 893 F.3d 1294, 1297 (11th Cir. 2018) ("If the statute's language is clear, there is no need to go beyond the statute's plain language into legislative history.") The Judge Middlebrooks case is in a different posture as it dealt with a Motion to Dismiss an Information, not a Motion to Dismiss an Indictment because of the statute of limitations.

> six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations.

18 U.S.C. § 3288.

The Government obtained an Indictment *before* the Information was dismissed, necessarily satisfying the statute, even though it could have delayed up to six months after the Information was dismissed to obtain that Indictment. The same sequence occurred in *Burdix-Dana*, *Kruse*, and multiple other cases discussed above.

This provision applies unless "the reason for the dismissal was the failure to file the indictment or information within the period proscribed by the applicable statute of limitations, or some other reason that would bar a new prosecution." *Id.* The Information in this case was timely, and so it could not have been, or be, dismissed for "failure to file … within the period proscribed by the applicable statute of limitations." Likewise, the fact that the original information was not accompanied by a signed waiver of indictment does not count as a "reason that would bar a new prosecution." *See, e.g.*, *Burdix-Dana*, 149 F.3d 741, 793 (7th Cir. 1998). Section 3288 applies where an underlying information is dismissed "for *any reason* after the period prescribed by the applicable statute of limitations has expired," including an "information that was a nullity because only an indictment would suffice[.]" *United States v. Macklin*, 535 F.2d 191, 193 (2d Cir. 1976). The "very purpose for which § 3288 was enacted" was to allow "a second indictment to remedy legal deficiencies present in the first[.]" *United States v. Clawson*, 104 F.3d 250, 252 (9th Cir. 1996); *see also Italiano*, 894 F.2d at 1286 n.10 (11th Cir. 1990) ("We agree with other courts of appeals that have addressed the issue that § 3288 is available to correct legal defects as well as grand jury defects or irregularities.").

The Government timely filed an Information in this case, making the subsequent Indictment timely as well. The Court cannot dismiss this prosecution based upon an alleged violation of the statute of limitations.

**C. Equitable tolling principles further prevent dismissal of this prosecution.**

Although the Court need not reach the question, even if it disagreed with the plain language interpretation of §§ 3282 and 3288, it still could not dismiss this prosecution, because equitable tolling principles support extending the statute of limitations up to the date that the Government obtained the Indictment in this case. *See, e.g.*, *Kruse* (finding, in addition to the statutory analysis, that equitable tolling principles applied given the court-ordered closure of grand juries during the pandemic).

In general, "equitable tolling" is the doctrine under which a party may bring an action after the statutory limitations period has expired if it was prevented from doing so earlier by inequitable circumstances. *See Bailey v. Glover*, 88 U.S. (21 Wall.) 342 (1874); *see also Osterneck v. E.T. Barwick Indus.*, 825 F.2d 1521, 1535 (11th Cir. 1987), *aff'd, Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989). The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running. *See, e.g.*, *Justice v. United States*, 6 F.3d 1474, 1475 (11th Cir. 1993) ("The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust.").

Unless Congress states otherwise, equitable tolling should be read into every federal statute of limitations. *Holmberg v. Armbrecht*, 327 U.S. 392, 395–96 (1946). This includes criminal statutes of limitations like 18 U.S.C. § 3282. "It is hornbook law that limitations periods are customarily subject to equitable tolling[.]" *Young v. United States*, 535 U.S. 43, 50 (2002); *accord*

*United States v. Locke*, 471 U.S. 84, 94 n.10 (1985) ("Statutory filing deadlines are generally subject to the defense[] of . . . equitable tolling."). Although equitable-tolling principles are most commonly applied in the civil context, "there is no reason to distinguish between the rights protected by criminal and civil statutes of limitations." *Powers v. Southland Corp.*, 4 F.3d 223, 233 (3d Cir. 1993). Equitable tolling commonly is applied to time limits in criminal cases. *See, e.g.*, *Fallen v. United States*, 378 U.S. 139, 144 (1964) (time for filing a notice of appeal); *Grant v. Swarthout*, 862 F.3d 914, 923 (9th Cir. 2017) (AEDPA); *United States v. Terlingo*, 327 F.3d 216, 222 (3d Cir. 2003) (time for government to seek criminal restitution). The Third Circuit, for example, has repeatedly assumed that equitable tolling could apply to criminal statutes of limitations addressing when the Government can institute a prosecution. *See, e.g.*, *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).[5]

Although "criminal limitation statutes are to be liberally interpreted in favor of repose," *Toussie v. United States*, 397 U.S. 112, 115 (1970) (quotation and internal quotation marks omitted), the Supreme Court has also recognized that time limits "sought to be applied to bar rights of the Government . . . must receive a strict construction in favor of the Government," *Badaracco v. Commissioner*, 464 U.S. 386, 391 (1984). Thus, the Supreme Court will not,

> in expounding a statute, give to it a construction which would in any degree disarm the government of a power which has been confided to it to be used for the general good—or which would enable individuals to embarrass it, in the discharge of the high duties it owes

[5] Multiple Courts of Appeals have concluded that other non-statutory "tolling" rules apply to 18 U.S.C. § 3282—for instance, when the government unseals an indictment or seeks a superseding indictment after the statute lapses. *See United States v. Wright*, 343 F.3d 849, 857 (6th Cir. 2003) (filing of an indictment under seal will toll the statute of limitations if the indictment was properly sealed); *United States v. Bracy*, 67 F.3d 1421, 1426 (9th Cir. 1995) (same); *United States v. Sharpe*, 995 F.2d 49, 50 (5th Cir. 1993) (same); *see also United States v. Hickey*, 580 F.3d 922, 929 (9th Cir. 2009) (superseding indictment). The Supreme Court has found equitable tolling to be available even when statutory tolling provisions are likewise present. *See, e.g.*, *Young*, 535 U.S. at 52; *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 559 (1974).

> to the community—unless plain and express words indicated that such was the intention of the Legislature.

*Brown v. Duchesne*, 60 U.S. 183, 195 (1856).

Assuming that equitable tolling can apply to 18 U.S.C. § 3282 and similar limitations statutes, a pandemic requiring suspension of grand juries is a compelling case for such tolling. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Government had no way to foresee that a global pandemic would shut down grand juries in this District and make it impossible to return an indictment during a significant portion of the limitations period.

Applying equitable tolling here is particularly justified because the Government filed a charging document before the statutory period expired, demonstrating the Government's good faith attempt to notify the defendant about the allegations against him and do what it could to initiate this prosecution despite the unavailability of grand juries. Although "[f]ederal courts have typically extended equitable tolling relief only sparingly," the Supreme Court has "allowed equitable tolling in situations where [a private] claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[.]" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It is hard to imagine a more extraordinary and excusable circumstance than a life-threatening pandemic that, consistent with government-issued stay-at-home orders, required the total suspension of grand juries for public safety. Here, the Government filed an information within the statutory period. The Government (1) "actively pursued" its remedies, even if the pleading was ultimately "defective," *Irwin*, 498 U.S. at 96, and (2) eliminated prejudice to

the defendant by providing notice of the charges within the statutory period. Defendant received l notice of the charges by receiving the Information.

The facts in this case are more compelling than the facts that the Third Circuit found inadequate in *Midgley*. There, the Court assumed that equitable tolling could apply to criminal statutes of limitation, but found that a defendant's breach of a plea agreement was not an "extraordinary" interference with the government's ability to assert its rights. *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998). The government may not be "entitled to equitable tolling of the statute of limitations merely because it is without fault." *Id.* Here, by contrast, we have exactly the type of truly extraordinary circumstances that *Midgley* lacked.

For all of these reasons, equitable tolling principles would prohibit dismissing the Indictment in this case even if this Court were to disagree with the interpretation of §§ 3282 and 3288.

## II. CONCLUSION

For the foregoing reasons, the United States submits that the Defendant's Motion to Dismiss the Indictment should be denied, as the Information which was timely filed has now been replaced by an Indictment, returned by a grand jury.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: //s/Laurence M. Bardfeld
Laurence M. Bardfeld
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard, # 700
Fort Lauderdale, Florida 33394
Tel: (954) 660-5721
E-Mail:Laurence.Bardfeld@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed by CM/ECF this 9th day of April 2021, and delivered to: Humberto Dominguez, Esquire.

*/s/ Laurence M. Bardfeld*
Laurence M. Bardfeld
Assistant United States Attorney