**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

Case No. 21-CR-60006-ALTMAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| JOSEPH A. SANFILIPPO, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO HIS MOTION TO DISMISS INDICTMENT FOR VIOLATION OF STATUTE OF LIMITATIONS**

Defendant JOSEPH A. SANFILIPPO, by and through his undersigned counsel, files this its reply to the Government's response to his previously filed motion to dismiss indictment for violation of statute of limitations in the instant case *See* Indictment ¶ 23.

**BACKGROUND**

The Government is presenting the argument that because it filed an Information on October 23, 2020, without Defendant's authorization or consent, that this action makes the "prosecution timely" as the statute of limitations had not expired at that time of that filing.

The information at issue was filed in case number 20-60112-CR-Dimitrouleas on October 23, 2020. No efforts were made to arrest the Defendant, no warrant was sought or obtained, and on December 20, 2020, the case was administratively transferred to "fugitive status". On February 26, 2021, the case was dismissed on Government's motion without notice to the Defendant.

## STATEMENT OF FACTS AND ISSUES PRESENTED

There is no dispute that the indictment was returned and filed *after* the statute of limitations had expired. The only issue remaining is whether the filing of the information, when under the facts of the case no prosecution could take place, serves to toll the statute of limitations under 18 U.S.C. § 3282.

## DISCUSSION

Title 18 U.S.C. § 3282 is the statute of limitations for non-capital, federal crimes, including both felony and misdemeanor offenses. This section, titled "Offenses not capital," states:

> "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed".

This response relies on Judge Middlebrooks's opinion and analysis presented in the order entered in case number 20-80063, *U.S. v. BGG*. As in the *BGG* case, the Government filed its information to protect against the running of the statute of limitations. It is well held law that an information filed without a waiver from the Defendant cannot be used to prosecute the Defendant. In the case at bar, the Government filed an information, let it sit, never sought a warrant, and dismissed it all without notifying the Defendant.

The Government's actions in this case are exactly the "end-run around the statute of limitations" that Judge Middlebrooks ruled upon in the *BGG* case.

As in the *BGG* case, in the case at bar there is an applicable statute of limitations. The government was aware of such limitations and was aware that Congress decided not to toll or extend the statute of limitations due to the ongoing COVID-19 pandemic[1].

---

[1] Abbe David Lowell, *et al.*, *Problems with Federal Courts Tolling Statutes of Limitations*, LAW 360 (May 7, 2020), https://www.law360.com/articles/1270318. Of note, at oral argument, the Government stated that it does not seek to toll the statute of limitations in this case by any means (*e.g.*, equitable tolling) other than 18 U.S.C. § 3288.

Mr. Sanfilippo is protected under the statute of limitations, and the government's action is nothing more than a scheme to deny him that right and protection.

As in the *BGG* case, the issue is the significance of the Information filed was "instituted" under the meaning and purposes of 18 U.S.C. § 3282.

As pointed out in the *BGG* decision, the Seventh Circuit's opinion in *United States v. Burdix-Dana*, 149 F.3rd 741 (7th Cir 1998) ruled that the mere filing of the information and not the waiver by Defendant is what tolls the statute of limitations. However, the legal issue is that no prosecution could ensue from a waiverless information. As such, § 3282 is merely a place holder and of no effect without a valid waiver of indictment.

As explained by Judge Middlebrooks, § 3282 predates the Rules of Criminal Procedure, specifically Rule 7(b) which reads

> "(b) WAIVING INDICTMENT. An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment".

The interplay of 18 U.S.C. § 3288 and § 3282 is also critical to understand the intent behind § 3282. In its relevant part, § 3288 states "This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution."

As explained in Judge Middlebrooks in the *BGG* decision:

> "The legislative history of § 3288 indicates that although eh statute permits tolling of the limitations period specifically for felonies, Congress did not intent to create a means to bypass the statute o limitations altogether by filing a defective information. The 1964 amendments "extend[ed] the application of the statutes to felony proceedings instituted by information rather than indictment." Congress

amended the statutes in this manner in response to Federal Rule of Criminal Procedure 7(b), given that

> [a]t the time of the enactment of the statutes from which sections 3288 and 3289 are derived, felony prosecutions could be initiated only by grand jury indictment. However, rule 7 of the Rules of Criminal Procedure for the U.S. District Courts, authorizes the prosecution of a noncapital felony by information if the defendant in open court waives prosecution by indictment.

Thus, the legislative history demonstrates that Congress intended §§ 3288 and 3289 to toll the limitations period at § 3282 for dismissed informations where those informations comported with Rule 7(b)." *See Judge Middlebrooks opinion Case Number 20-80063*.

As such, the information filed in case number 20-60112-CR-Dimitrouleas on October 23, 2020 was not in comport with Rule 7(b), and is not an information "instituted" for purposes of § 3282. Therefore, the statute of limitations was not tolled, and the government failed to instate a valid prosecution within the applicable statute of limitations.

## **CONCLUSION**

For the foregoing reasons, the Indictment pending before this Court in the instant case should be dismissed as having been instituted after the expiration of the applicable limitations period.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903
150 West Flagler Street
Penthouse Two – 2900
Miami, Florida 33130
Telephone: (305) 373-6400
Facsimile: (305) 373-0396
E-Mail: Bert@hdominguezlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on April 14, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903